**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel E. Figueroa, | ) |
| Plaintiff, | ) No. CV 09-634-TUC-DTF |
| v. | ) **ORDER** |
| Choicepoint Services, Inc., | ) |
| Defendant. | ) |

Pending before the Court is Defendant Choicepoint Service's Amended Motion to Dismiss. (Doc. 17.) Plaintiff Daniel Figueroa has not responded to the motion.

**PROCEDURAL BACKGROUND**

Figueroa filed his Complaint on November 4, 2009, alleging a violation of the Fair Credit Reporting Act. (Doc. 1.) Time for service in this case ran on March 4, 2010. Fed. R. Civ. P. 4(m). On March 23, the Court granted Figueroa's request to extend the service deadline (Doc. 9), allowing him until June 2, 2010, to file proof of service. (Doc. 11.) On June 18, 2010, in response to an order to show cause (Doc. 12), Figueroa filed a proof of service, indicating he had served Choicepoint on May 26, 2010. (Doc. 16.)

**DISCUSSION**

Choicepoint requests dismissal for failure to properly serve under Federal Rule of Civil Procedure 12(b)(5) and failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

First, Choicepoint asserts that Figueroa failed to properly serve the complaint and, therefore, it is subject to dismissal under Rule 12(b)(5). Choicepoint acknowledges that

1 Figueroa has filed, albeit untimely, a proof of service. (Doc. 17 at 2, 3.) Choicepoint
2 indicates it is still investigating whether service was properly made. In light of Defendant's
3 concessions, and based on review of the motion, it is apparent that Choicepoint actually seeks
4 dismissal for Figueroa's failure to comply with the Court's deadline for filing the proof of
5 service, not for improper service. Plaintiff is obligated to comply with the rules and Court
6 orders, however, because service appears to have been properly completed before the
7 deadline, the Court declines to grant dismissal on this basis.

8 Second, Choicepoint argues that Figueroa's complaint fails to state a claim and is
9 subject to dismissal under Rule 12(b)(6). As set forth below, the Court agrees.

### Standard for Rule 12(b)(6) Motion to Dismiss

11 To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint
12 must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl.*
13 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the
14 plaintiff pleads factual content that allows the court to draw the reasonable inference that the
15 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949
16 (2009). The plausibility standard does not amount to a probability requirement, however, it
17 demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In
18 evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true
19 and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v.*
20 *Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not]
21 required to accept as true allegations that are merely conclusory, unwarranted deductions of
22 fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th
23 Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not
24 do." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack
25 of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable
26 legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27
28

**Analysis**

Plaintiff sets forth the following allegations in his Complaint. In October 2007, Figueroa was offered a job at a Target store. Target requested that Choicepoint perform a criminal background check on Figueroa, which Defendant did on November 5, 2007. Figueroa disputed the results of the background check. On December 27, 2007, Choicepoint notified Figueroa that the criminal background report had been verified as accurate. Figueroa alleges that Choicepoint acted negligently in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681(b), which requires that an agency take reasonable steps to maximize the accuracy of its reports. Figueroa alleges he was harmed by Defendant's conduct and he seeks lost wages, injunctive relief and legal fees. (Doc. 1.)

Figueroa's complaint fails to allege sufficient facts indicating Choicepoint acted negligently or did not take reasonable steps to ensure its report was accurate. Figueroa does not allege what conduct of Choicepoint violated the Fair Credit Reporting Act. Most significantly, Figueroa does not allege what, if anything, was erroneous in the criminal background report created by Defendant, or what in the report Figueroa disputed. Plaintiff has failed to state a claim that is facially plausible, thus, his complaint is subject to dismissal. *See Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 555.

Additionally, Plaintiff's failure to respond to the motion to dismiss provides an additional basis for granting Defendant's motion. The Court's local rules provide that if a party does not respond to a filed motion, "such non-compliance may be deemed a consent" to the Court's granting of the motion. LRCiv. 7.2(i).

Based on the above assessment, the Court will grant the motion to dismiss. However, when a court dismisses for failure to state a claim, the Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). Particularly because Plaintiff is pro se, the Court finds that leave to amend should be allowed.

An amended complaint must contain all allegations a plaintiff is asserting against the

1  defendant, as the original complaint will be superseded by an amendment and any arguments
2  not included in the amendment are waived.  *See London v. Coopers & Lybrand*, 644 F.2d
3  811, 814 (9th Cir. 1981).  Plaintiff is directed to Federal Rule of Civil Procedure 8(a), which
4  provides the general rules for pleading a complaint.

5  Plaintiff is reminded of his obligation to comply with all rules of procedure and Court
6  orders, regardless of his pro se status.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).
7  Failure to do so may result in dismissal of the action.  Fed. R. Civ. P. 41(b); *Ferdik v.*
8  *Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).  If Plaintiff does not amend his complaint in
9  the time set forth below, the Court will dismiss the case and enter judgment.

10  Accordingly, **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 17) is
11  **GRANTED**.

12  **IT IS FURTHER ORDERED** that, if Plaintiff choose to amend his complaint,
13  Plaintiff shall file an amended complaint on or before **October 4, 2010**.

14  DATED this 13th day of September, 2010.

D. Thomas Ferraro
United States Magistrate Judge